## CALLAHAN *v.* CITY OF PORT HURON.

1. DEFECTIVE SIDEWALKS—MANNER OF INJURY—INSTRUCTIONS—THEORIES OF PARTIES.

   Where, in an action for injuries caused by a defective sidewalk, plaintiff alleged in his declaration, and testified on the trial, that the accident occurred while he was walking, and defendant introduced testimony tending to show that plaintiff was riding a wheel at the time he was injured, it was error to refuse an instruction that, if he was so riding, he could not recover; which error was not cured by the general instruction that, to entitle plaintiff to recover, he must have been in the exercise of due care, or by the further instruction that he could not recover unless he received his injuries in the manner alleged.

2. SAME—EVIDENCE—QUESTION FOR JURY.

   In an action for injuries caused by a defective sidewalk, plaintiff testified that he was walking at the time of the accident,
   128 MICH.—43.

though he had his bicycle with him. Defendant introduced testimony tending to show that, on the second day after the accident, one of the planks of a crosswalk, some 10 feet north of the point alleged in the declaration, was found displaced, leaving a space through which a bicycle wheel might drop to the ground, some 12 inches below; and that the mark of a bicycle tire corresponding to the tire of plaintiff's wheel was discovered in the earth beneath the walk. *Held,* to raise a question for the jury as to whether plaintiff was riding a wheel at the time of the injury.

Error to St. Clair; Thomas, J. Submitted October 25, 1901. Decided November 12, 1901.

Case by John H. Callahan against the city of Port Huron for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Lincoln Avery* (*Beach & Benedict,* of counsel), for appellant.

*Joseph Walsh,* for appellee.

MONTGOMERY, C. J. Plaintiff recovered a judgment for injuries claimed to have been received by falling on a defective sidewalk. The plaintiff's testimony was to the effect that the injury occurred while he was walking on the sidewalk, at some little distance from a crosswalk, to which reference was made by the testimony of the defendant's witnesses. The sole error complained of is the refusal of the court to instruct the jury that, if the plaintiff was riding a wheel at the time he was injured, he could not recover.

There can be no doubt that the defendant was entitled to have this instruction given, if there was any evidence tending to sustain the defendant's theory, for the reason that it wholly disproved any claim made by the plaintiff as to the manner of his accident, as well as the theory of his declaration. Nor do we think the general instruction of the court that, to entitle the plaintiff to recover, he must have been in the exercise of due care, nor the implication in

the general instructions that he could not recover unless he received the injuries in the manner alleged, would be sufficient to cure this error.   The defendant has a right to have the attention of the jury challenged to his theory of the case, if that theory is supported by legal evidence. *Babbitt* v. *Bumpus,* 73 Mich. 331 (41 N. W. 417, 16 Am. St. Rep. 585); *Parrish* v. *Bradley,* 73 Mich. 610 (41 N. W. 818).

The evidence on the part of the defense which tended to show that this accident occurred at the crosswalk, and while plaintiff was riding a wheel, was evidence that he had his wheel with him; that the wheel was sold to plaintiff's brother by one Unger, and by his brother to himself; that it had, at the time it was sold, a "Vim" tire, which would make an impression in the earth the same as canvas; that the west plank of the crosswalk had been displaced, allowing sufficient space between it and the plank adjoining for a bicycle wheel to drop through; that there was a drop from the crosswalk to the north side of the ditch of about a foot, and that on this north slope there was found in the earth the mark of a bicycle tire which corresponded to the tire of plaintiff's wheel; that this crosswalk in question was some eight or ten feet north of the point alleged in the plaintiff's declaration; that a discovery of this condition and of these marks of the bicycle wheel was made by defendant's witnesses the second day after the injury.   We think that this evidence entitled the defendant to have the question submitted to the jury, and, as this was not done, although requested, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.